IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br><br><br>vs.<br><br>CEDRIC DUANE BURKS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS TO ORDER TO CONTINUE<br><br><br><br>Case No. 2:07-CR-173 TS |

This matter is before the Court on Defendant's objections to the exclusion of time under the Speedy Trial Act contained in the Court's February 25, 2010 Order to Continue. For the reasons below the Court will overrule the objection.

On January 14, 2010, Defendant was scheduled to enter a change of plea. However, a few days before that hearing he notified the Court he would not be entering a plea and planned to go to trial. As the trial was originally set for January 19, 2010, and the parties had not anticipated a trial, and were thus not prepared, the Court moved the trial date to April 26, 2010. The government also indicated its intent to file a Superceding Indictment, which was filed on January 26, 2010. The government then submitted a Motion to Continue the trial until that date and included the exclusion of speedy trial time from the January 14, 2010 hearing until the April

1

26, 2010 trial date.  The Court granted the Motion and excluded the time based on its findings that continuance was necessary in light of the relevant factors.  Defendant objects to the exclusion of time based on the superceding indictment.

Defendant argues that pursuant to 18 U.S.C. 3161(c)(1) and (d)(1) the speedy trial clock runs anew upon the filing of a Superceding Indictment.  "Under § 3161(d)(1), if an indictment is dismissed upon motion of the defendant and he is subsequently re-indicted with the same offense, the new indictment begins a new seventy-day period."[1]  However, if it is the government who moves to dismiss the indictment and subsequently re-files a second indictment alleging the same charges, the government does not get a new seventy-day clock.[2]

> As a general rule, new Speedy Trial Act periods begin to run with respect to an information or indictment adding a new charge not required to be brought in the original indictment.  However, when the later charge is merely a part of or only 'gilds' the initial charge, the subsequent charge is subject to the same Speedy Trial Act limitations imposed on the earlier indictment.[3]

In this case the government did not move to dismiss the Indictment, rather, when Defendant failed to enter a plea, it filed a Superceding Indictment with additional charges.[4]  The original Indictment charged Defendant with a violation of 18 U.S.C. § 1343, scheme and artifice to defraud.[5]  Specifically, it was alleged that as part of the scheme vehicles were stolen from

---

[1] *United States v. Abdush-Shakur*, 465 F.3d 458, 462-63 n.4 (10th Cir. 2006) (citing § 3161(c)(1), *United States v. Andrews*, 790 F.2d 803, 809 n.4 (10th Cir. 1986)).

[2] *Id.*

[3] *United States v. Andrews*, 790 F.2d 803, 808-09 (10th Cir. 1986).

[4] *See* Docket No. 405.

[5] Docket No. 7.

owners in Las Vegas, Nevada, by use of keys cut from codes fraudulently obtained from dealerships.[6]  Further it was specifically alleged that the codes were obtained through Defendant.[7] In the Second Superceding Indictment the government charges him with two Counts, both dealing with a specific car and VIN number.  The first count alleges Defendant transported the car, knowing it to be stolen, in interstate commerce, in violation of 18 U.S.C. § 2312 and 18 U.S.C. § 2.  The second count deals with the same car and VIN number but alleges Defendant received, possessed, concealed and stored the vehicle, knowing it to be stolen in violation of 18 U.S.C. § 2313 and 18 U.S.C. § 2.  The Court finds that the Superceding Indictment only clarifies and specifies allegations made in the original indictment.  Therefore, it finds it is part of the original charge.  Accordingly, since the Superceding Indictment was filed on the governments' own volition and is a part of the additional charge, the Court finds a new speedy trial clock did not begin with superceding indictment and exclusion of speedy trial time was appropriate.

However, even if the Superceding Indictment did renew the speedy trial clock, the Court finds no reason why the exclusion of time as ordered is improper because the parties were not prepared to go to trial.  Therefore, Defendant's objection will be overruled.

It is hereby

---

[6]*Id*. at 5.

[7]*Id*.

ORDERED that Defendant's Objection to the Order to Continue (Docket No. 419) is

OVERRULED.

DATED   March 4, 2010.

BY THE COURT:

_____

TED STEWART
United States District Judge